UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **DUFFY GUILLORY, JR.** | * | **CIVIL ACTION NO.  18-1634** |
| **VERSUS** | * | **JUDGE TERRY A. DOUGHTY** |
| **STARR INDEMNITY & LIABILITY COMPANY, ET AL.** | * | **MAG. JUDGE KAREN L. HAYES** |

### REPORT AND RECOMMENDATION

  Before the undersigned Magistrate Judge, on reference from the District Court, are three motions:  1) a motion to dismiss for lack of subject matter jurisdiction and for insufficient service of process [doc. # 10] filed by defendant, State of Louisiana, through the Department of Transportation and Development ("DOTD"); 2) a motion to remand and associated request for costs, expenses, and fees [doc. # 12] filed by plaintiff Duffy Guillory, Jr.; and 3) a motion to strike exhibits [doc. # 22] filed by defendants, Starr Indemnity & Liability Company ("Starr"), Gulf Relay, L.L.C. ("Gulf Relay"), and Adam D. Reed, Jr. ("Reed").  For reasons explained below, it is recommended that the motion to remand be DENIED, in its entirety.  It is further recommended that the DOTD's motion to dismiss be GRANTED-IN-PART and DENIED-IN-PART.  Finally, it is ordered that the motion to strike is DENIED, as moot.

### Background

  Duffy Guillory Jr. filed the above-captioned suit on October 31, 2018, against defendants the DOTD, Starr, Gulf Relay, and Reed in the Sixth Judicial District Court for the Parish of Madison, State of Louisiana.  (Petition).  Guillory seeks to recover damages for serious personal injuries that he sustained in the wake of a February 14, 2018, motor vehicle accident, which occurred when his 2006 Chevrolet 6000 collided with the side, rear portion of a semi-trailer truck,

that had turned left in front of him, and crossed his lane of travel. *Id*. Reed was the operator of the semi-trailer truck, acting within the course and scope of his employment with Gulf Relay, and insured by Starr. *Id*.

On December 19, 2018, defendants, Starr, Gulf Relay, and Reed, removed the suit to federal court on the sole basis of diversity jurisdiction, 28 U.S.C. § 1332. (Notice of Removal).

On January 17, 2019, the DOTD filed the instant motion to dismiss for lack of subject matter jurisdiction on the basis that it was an arm of the State of Louisiana and entitled to sovereign immunity under the Eleventh Amendment. The DOTD further argued that service of process was insufficient because plaintiff neglected to also serve the Office of Risk Management, as required by state law.

Also on January 17, 2019, plaintiff filed the instant motion to remand the matter to state court on the grounds that: 1) the DOTD's presence in the suit precluded the exercise of federal subject matter jurisdiction via diversity; 2) removal was procedurally defective because all properly served defendants did not join in or consent to removal; and 3) the court lacked subject matter jurisdiction because removing defendants failed to properly allege the citizenship of the limited liability company ("L.L.C.") defendant, Gulf Relay.

On January 30, 2019, removing defendants sought and obtained leave of court to amend their notice of removal to properly allege the members of Gulf Relay and their citizenship. *See* doc. #s 17-19.

On February 6, 2019, plaintiff filed his opposition to the DOTD's motion to dismiss wherein he argued that the proper remedy for the DOTD's invocation of Eleventh Amendment immunity was remand, not dismissal. [doc. # 20]. Plaintiff also submitted evidence that, prior to removal, he had requested additional service upon the DOTD, via the Office of Risk

Management.

On February 8, 2019, removing defendants filed their opposition to the motion to remand, together with a motion to strike plaintiff's exhibits attached to his motion to remand. [doc. # 23].

On February 14, 2019, plaintiff filed a reply brief in support of remand. [doc. # 27]. On February 28, 2019, he filed his opposition to defendants' motion to strike. [doc. # 28].

The DOTD and removing defendants did not file reply briefs in support of their respective motions, and the time to do so has lapsed. *See* Notices of Motion Setting [doc. #s 11 & 25]. Accordingly, the matter is ripe.

## Analysis

### I. Motion to Remand

A defendant may remove an action from state court to federal court, provided the action is one in which the federal court may exercise original jurisdiction. *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing 28 U.S.C. § 1441(a)). The removing defendant bears the burden of establishing federal subject matter jurisdiction and ensuring compliance with the procedural requirements of removal. *Id*. Because federal courts are courts of limited jurisdiction, a suit is presumed to lie outside this limited jurisdiction unless and until the party invoking federal jurisdiction establishes to the contrary. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) (citation omitted). The removal statutes are strictly construed in favor of remand. *Manguno, supra*.

    a)    <u>Subject Matter Jurisdiction</u>

Removing defendants invoked this court's subject matter jurisdiction via diversity, which requires an amount in controversy greater than $75,000, and complete diversity of citizenship between plaintiff and defendants, 28 U.S.C. § 1332(a). Plaintiff's pre-suit medical expenses

totaled $81,473.44, and therefore, it is manifest that the amount in controversy exceeded $75,000 at the time of removal. *See* Notice of Removal, Exh. 1. Accordingly, the sole jurisdictional issue is whether the parties are completely diverse.

The diversity jurisdiction statute presupposes a civil action between "citizens of different states," where all plaintiffs are diverse from all defendants. 28 U.S.C. § 1332; *Farrell Const. Co. v. Jefferson Parish, La.*, 896 F.2d 136, 139-140 (5th Cir. 1990). When jurisdiction depends on citizenship, "citizenship must be '*distinctly* and *affirmatively* alleged.'" *Getty Oil, Div. Of Texaco v. Ins. Co. of North America*, 841 F.2d 1254 (5th Cir. 1988) (citation omitted) (emphasis in citing source); *see also*, *Illinois Cent. Gulf R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 & n.2 (5th Cir.1983) (the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference). This rule requires "strict adherence." *Getty Oil, supra*.

Here, removing defendants alleged that plaintiff is a Louisiana domiciliary. (Notice of Removal, ¶ 5). In addition, defendant, Starr, is a Texas corporation, with its principal place of business in said state. *Id*., ¶ 6. Defendant, Reed, is a citizen of Mississippi. *Id*.

However, as aptly noted by plaintiff in his motion to remand, removing defendants originally failed to properly allege the citizenship for Gulf Relay – a limited liability company. *See* Notice of Removal, ¶ 6.[1] Nonetheless, on January 30, 2019, removing defendants sought and obtained leave of court to amend their notice of removal to identify the members of Gulf Relay and to allege that they are citizens of Mississippi. *See* doc. #s 17-19.

In his reply brief, plaintiff argued that removing defendants should not be permitted to

---

[1] For purposes of diversity, the citizenship of a limited liability company ("LLC") is determined by the citizenship of all of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).

correct defective allegations of citizenship more than 30 days after the deadline to remove the case. There is, however, Fifth Circuit authority to the contrary. *See Getty Oil, supra* (authorizing district court to permit removing defendants to amend their notice of removal pursuant to 28 U.S.C. § 1653 to set forth facts to establish diversity jurisdiction); *Mullins v. Testamerica Inc.*, 300 Fed. Appx. 259, 261 (5th Cir.2008) (Fifth Circuit remanded a removed case to district court for amendment of deficient jurisdictional/citizenship allegations). Moreover, 28 U.S.C. § 1653 is to be liberally construed, and failure to specifically allege citizenship may be cured in the appellate courts. *Getty Oil Corp., supra*.[2]

Subject to the notable exception of the DOTD, removing defendants alleged and established that their citizenship is completely diverse from that of plaintiff. Of course, a state, and an agency that is an alter ego or arm of the state, is not a citizen for purposes of diversity jurisdiction. *Firefighters' Ret. Sys. v. Consulting Grp. Servs., LLC*, 541 B.R. 337, 350 (M.D. La. 2015) (citations omitted). Therefore, in cases where one party is a state agency that acts as an alter ego of the state itself, diversity jurisdiction is unavailable. *Lafourche Par. Water Dist. No. 1 v. Traylor Bros., Inc.*, No. 09-3204, 2009 WL 2175983, at *2 (E.D. La. July 21, 2009) (citations omitted). The DOTD is an arm of the State of Louisiana, and consequently, is not a citizen for purposes of diversity jurisdiction. *Watkins v. Louisiana Dep't of Transp. & Dev.*, No. 09-1743, 2010 WL 744911, at *2 (W.D. La. Feb. 26, 2010) (citations omitted).

To overcome the patent obstacle to diversity jurisdiction caused by the DOTD's presence in the suit, removing defendants contend that plaintiff has no reasonable possibility of recovery

---

[2] The cases cited by plaintiff considered the failure of one or more defendants to timely consent to removal. The rule of unanimity is subject to a specific temporal constraint, and thus, remains distinct from the requirement that citizenship of the parties must be affirmatively alleged. *See* discussion, *infra*. In short, plaintiff's cases are inapposite.

against the DOTD, and consequently, plaintiff improperly joined the party in a transparent attempt to defeat diversity jurisdiction. It has been long established that an improperly joined or nominal defendant need not be diverse from the plaintiff for purposes of subject matter or removal jurisdiction. *See Farias v. Bexar County Bd. of Trustees for Mental Health Mental Retardation Services*, 925 F.2d 866, 871 (5th Cir. 1991); *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir.2007) (citing *McDonal v. Abbott Laboratories*, 408 F.3d 177, 183 (5th Cir. 2005)).

However, the improper joinder doctrine affords a "'narrow exception' to the rule of complete diversity, and the burden of persuasion on a party claiming improper joinder is a 'heavy one.'" the burden of persuasion on a party claiming improper joinder is a "heavy one." *Campbell, supra*. To establish improper joinder, the removing party must demonstrate "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *McDonal, supra* (citing *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir.2003)).

In the case *sub judice*, there are no allegations of actual fraud. Accordingly, the court must determine whether removing defendants have demonstrated that plaintiff has "no possibility of recovery" against the diversity-destroying defendant, *i.e.* that there is "no reasonable basis" for the district court to predict that plaintiff might recover against the entity. *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568 (5th Cir. 2004) (en banc). The court may resolve this issue in one of two ways:  1) the court can look at the allegations of the complaint to determine whether the complaint states a claim against the diversity-destroying defendant under state law (Fed.R.Civ.P. 12(b)(6) analysis); or 2) in the few cases where the plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder, the court may, in its discretion, pierce the pleadings and conduct a summary inquiry. *Smallwood*, *supra*. However,

the "summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Id.*[3] In the process, the court must consider "all unchallenged factual allegations" in the light most favorable to the plaintiff. *Travis*, *supra*. Any contested issues of fact and ambiguities of state law must be resolved in favor of remand. *Id.* If the removing defendants fail to establish improper joinder, then diversity is not complete and remand is required. *Id.* The existence of even a single valid cause of action against a non-diverse defendant requires remand of the entire case to state court. *Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170, 183 (5th Cir. 2018) (citation omitted).

Utilizing this framework, the court first must review the allegations in the complaint to discern if plaintiff alleged sufficient facts to state a claim for relief against the non-diverse/diversity destroying defendant. *Cumpian v. Alcoa World Alumina, L.L.C.*, 910 F.3d 216, 220 (5th Cir.2018).

Here, Guillory alleged that when Reed turned left in front of him, Reed suddenly stopped, thereby blocking Guillory's lane of travel with the trailer. (Petition, ¶ IV). Guillory theorized that Reed stopped the truck because the Frontage Road onto which he was turning was in a state of disrepair, with uneven surfaces and numerous potholes. *Id.*, ¶ V. Finally, plaintiff asserted that the DOTD had custody and control of the road, and that it breached its duty to inspect, maintain, and repair the roadway, thereby presenting an unreasonable risk of harm to motorists. *Id.*, ¶¶ VI-VII.

Removing defendants do not argue that plaintiff's petition fails to state a claim for relief against the DOTD. Rather, they rely on extrinsic evidence to pierce the pleadings to demonstrate that plaintiff has no possibility of recovery against the DOTD. The court emphasizes that, for

---

[3] In other words, facts that can be easily disproved if not true. *Id.*

7

purposes of this inquiry, the "no-evidence" summary judgment standard is inapplicable, and, instead, removing defendants bear the burden of putting forth evidence to affirmatively negate a possibility of recovery by the non-diverse/diversity destroying defendant. *Cumpian, supra* (citation omitted).

The Louisiana Supreme Court has recognized that to impose liability against the DOTD, plaintiff must establish that

> (1) the DOTD had custody of the thing which caused plaintiff['s] damages, (2) the thing was defective because it had a condition which created an unreasonable risk of harm, (3) the DOTD had actual or constructive notice of the defect and failed to take corrective measures within a reasonable time, and (4) the defect was a cause-in-fact of plaintiffs' injuries.

*Cormier v. Comeaux*, 748 So.2d 1123, 1127 (La. 1999).

Removing defendants principally contend that plaintiff has no possibility of recovery against the DOTD because the Frontage Road had no potholes, and therefore, did not present an unreasonable risk of harm. In support of their argument, defendants adduced the following evidence, together with their notice of removal: a) an affidavit executed by Adam Reed, Exh. 2; b) dash camera footage from Reed's tractor trailer, manual attachment [doc. # 8]; c) an affidavit submitted by accident reconstructionist, Wayne Winkler, Exh. 3); and d) the Uniform Motor Vehicle Traffic Crash Report of the accident (the "police report") completed by Lieutenant Skinner, Exh. 4.[4]

In support of remand, plaintiff adduced the following evidence: Exh. 1) a photograph depicting an uneven road surface, presumably of Frontage Road; Exh. 2) a second photograph of an uneven road surface, presumably of the subject roadway; Exh. 3) an undated, unsigned letter apparently from Duffy Guillory to Lt. Skinner, Tallulah Police Department; Exh. 4) a July 11,

---

[4] Plaintiff objected to the court's consideration of the police report on the grounds of hearsay. (Pl. Reply Brief, pg. 4). However, the police report did not factor into the court's decision.

2018, letter from Tallulah Mayor Paxton Branch to plaintiff's counsel stating that case number 9166463 was dismissed; Exh. 5) a December 20, 2018, Email from M. Hemmer to J. O'Connell, among others, asking whether defendants would agree to a stipulation not to assert a defense of third party negligence premised on any act or omission of the DOTD related to the road condition; and Exh. 6) a January 7, 2019, email from J. O'Connell to M. Hemmer advising that her client would not agree to the proposed stipulation. (Pl. M/Remand, Exhs.).

In response to defendants' opposition to remand and the motion to strike exhibits, plaintiff executed an affidavit, which he submitted with his reply brief. (Guillory Affidavit; Pl. Reply Brief, Exh.). In addition to authenticating his earlier exhibits, Guillory, in his affidavit, retreated from his prior allegation that Reed had *stopped* the vehicle, stating instead that "[w]hen Reed made his turn, he did not properly accelerate and move his trailer out of the lanes of incoming traffic. [He] believe[d] Mr. Reed's acceleration and operation of his vehicle was affected by the potholes and poor condition of the roadway at the intersection where the collision occurred." *Id*.

Upon review, the court finds that defendants' evidence establishes that there were no "potholes," i.e., holes greater than one to two inches in depth, on the Frontage Road that Reed was turning on to at the time of the accident. Nonetheless, plaintiff adduced evidence in the form of a photograph and his own affidavit, which showed that Frontage Road was uneven and in poor condition. Moreover, review of the truck's dash camera depicted Reed being jostled about in the cab – even before Guillory collided with the semi-trailer. This movement confirms the presence of an uneven road bed. Therefore, the court finds that, for purposes of this motion, there was a condition in the subject roadway that potentially created an unreasonable risk of harm.

This finding does not conclude the matter, however. Liability against the DOTD also requires a finding that the defect was a cause-in-fact of plaintiff's injuries. *Cormier, supra*. In his affidavit, however, Reed stated that, when he turned, he "did not observe any potholes or

9

roadway defects in [his] path, on Highway 65 or any portion of the roadway . . ." (Reed Affidavit; Notice of Removal, Exh. 2). Reed further averred that he "did not slow or stop [his] tractor trailer at any point while negotiating [his] turn across the intersection and northbound lanes of Highway 65 . . ." *Id*. Finally, the "dash camera footage shows that [he] was traveling at the same rate of speed across the intersection until [he] stopped after Plaintiff collided with the rear passenger side of the tractor trailer." *Id*.

In short, Reed's affidavit establishes that he did not perceive any defects in the road, and therefore, did not slow down or alter his progression. Reed's affidavit and the dash camera irrefutably confirm that the condition of the roadway was not a cause-in-fact of the accident. Although plaintiff originally asserted that Reed stopped the truck prior to impact, review of the dash camera plainly proves that the truck remained in motion, at an essentially constant speed, until *after* impact. Guillory did not set forth any *facts* to dispute this conclusion.

The court notes that, in "an abundance of caution," removing defendants asserted third-party fault as an affirmative defense in their answers. *See* doc. #s 3 & 14. Furthermore, they refused to stipulate that they would not assert a defense of third-party negligence premised on the fault of the DOTD.[5] Defendants, however, conceded that they do not intend to assert fault against the DOTD at trial. (Defs. Opp. Memo., pg. 9). Moreover, they have no good faith basis to do so when their own driver confirmed that roadway conditions were not a factor in his actions.

In sum, the undersigned finds that removing defendants have established that plaintiff has no reasonable possibility of recovery against the DOTD, and therefore, its presence must be

---

[5] Defendants suggest that by agreeing to the stipulation they would be prohibited from showing the jury that plaintiff's initial allegations against the DOTD were false. (Defs. Opp. Memo., pg. 9). However, the proposed stipulation did not encompass this issue.

disregarded for purposes of subject matter and removal jurisdiction. Under these circumstances, the court lacks subject matter jurisdiction to entertain the action against the DOTD, thus compelling its dismissal, without prejudice. *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193 (5th Cir.2016) ("*IEVM*").[6]

        b)      <u>Removal Jurisdiction - Unanimity</u>

It has long been the rule in the Fifth Circuit, that all properly joined and served defendants must join in the notice of removal or otherwise consent to removal within the 30 day period set forth in 28 U.S.C. § 1446(b). *Jones v. Scogin*, 929 F. Supp. 987, 988 (W.D. La. 1996) (citing *Getty Oil, Div. Of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1263 (5th Cir. 1988)). Failure to do so, renders the removal defective. *Getty Oil*, 841 F.2d at 1263. While each defendant need not sign the notice of removal, there must be "some timely filed written indication from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect and to have the authority to do so, that it has actually consented to such action." *Gillis v. Louisiana,* 294 F.3d 755, 759 (5th Cir. 2002) (quoting, *Getty, supra*).

The Federal Courts Jurisdiction and Venue Clarification Act of 2011 ("JVCA"), codified the foregoing principles, as follows, "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). Here, defendants plainly effected removal solely under § 1441(a). (Notice of Removal, ¶ 11). Therefore, all properly served and joined defendants were required to timely join in or consent to removal herein.

Plaintiff contends that remand is required because defendant Reed was served on

---

[6] However, "[a]s the claim or claims against the nondiverse defendant must be dismissed without prejudice, the plaintiff is not barred by *res judicata* from refiling those claims in state court if he so desires." *IEVM*, 818 F.3d at 202 n.25.

11

November 21, 2018, but failed to timely consent to removal.[7] Reed's consent was not needed, however, because it is manifest that Reed "joined in" the notice of removal itself. Indeed, the notice was "submitted" by Starr, Gulf Relay, *and* Reed. (Notice of Removal, Preamble). Moreover, all three removing defendants, including Reed, prayed for removal. *Id*., Prayer. There is no indication that counsel for removing defendants was not authorized to file the notice on behalf of the three removing defendants, including Reed. In fact, she later filed an answer on behalf of Gulf Relay and Reed. *See* Answer [doc. # 14].

Accordingly, the court finds that defendants timely complied with the procedural requirements of removal.

c) <u>Costs, Expenses, and/or Fees</u>

Plaintiff seeks an award of expenses, costs, and attorney's fees as a result of defendants' improvident removal. An order remanding a case to state court may require payment of "just costs and any actual expenses, including attorney fees," that were incurred as a result of removal. 28 U.S.C. § 1447(c).

In this case, because the court has found that remand is not warranted, it necessarily follows that an award of costs, expenses, and/or fees is not available.

**II.    The DOTD's Motion to Dismiss**

The DOTD's motion seeks dismissal for lack of subject matter jurisdiction on the basis of sovereign immunity, and for insufficient service of process. However, the Fifth Circuit has recognized that as long as a non-diverse party "remains joined, the only issue the court may consider is that of jurisdiction itself." *IEVM*, *supra*.

---

[7] The court observes that the DOTD did not need to consent to removal because a removing party need not obtain the consent of a co-defendant that the removing party contends is improperly joined. *Rico v. Flores*, 481 F.3d 234, 239 (5th Cir.2007) (citing *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir.1993))

In this case, the court has determined that the DOTD was improperly joined, and therefore, that it is subject to dismissal for lack of subject matter jurisdiction. *See* discussion, *supra*. Accordingly, the DOTD is correct insofar as it argued that the court lacks subject matter jurisdiction to maintain the present action against it in federal court – albeit, the court's reasoning differs from that advanced by the DOTD. The remainder of the DOTD's motion is moot.

### III. Motion to Strike

Defendants seek to strike plaintiff's exhibits on the grounds that they are inadmissible, and not properly before the court. However, even after considering plaintiff's exhibits, the undersigned has found that plaintiff's motion to remand should be denied. Accordingly, the motion to strike is moot and denied on that basis.

### Conclusion

For the above-assigned reasons,

IT IS RECOMMENDED that plaintiff's motion to remand, and associated request for costs, expenses, and fees [doc. # 12], be DENIED.

IT IS FURTHER RECOMMENDED that the DOTD's motion to dismiss [doc. # 10] be GRANTED-IN-PART and that plaintiff's claims against the State of Louisiana, through the Department of Transportation and Development, be DISMISSED, WITHOUT PREJUDICE, for lack of subject matter jurisdiction, for the reasons set forth in this opinion only.

IT IS FURTHER RECOMMENDED that the DOTD's motion to dismiss [doc. # 10] otherwise be DENIED.

IT IS FURTHER ORDERED that defendants' motion to strike exhibits [doc. # 22] is DENIED, as moot.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written

objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 18th day of March 2019.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE