UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **DUFFY GUILLORY, JR.** | **CIVIL ACTION NO. 18-1634** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **STARR INDEMNITY & LIABILITY COMPANY, ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

**RULING**

This is a diversity case involving a motor vehicle accident. The parties hotly contest liability. Pending before the Court is a Motion for Security for Costs [Doc. No. 34] filed by Defendants Starr Indemnity & Liability Company, Gulf Relay, LLC, and Adam D. Reed, Jr. ("Reed). Defendants move the Court pursuant to Local Rule 54.6 for an order requiring Plaintiff Duffy Guillory, Jr., ("Guillory") to furnish security in the amount of $50,000.00 for costs because Guillory will be "obligated to pay all or a portion of Defendants' costs" should Defendants obtain "a defense verdict or . . . Plaintiff's award . . . fall[s] within the parameters of Rule 68." [Doc. No. 34-1, p. 3]. Guillory opposes this motion, contending that Defendants have not demonstrated that there is a substantial likelihood that a jury could impose 100% fault on him, that Reed is presumed at fault, and Defendants seek to recover costs unavailable under federal law. [Doc. No. 37].

Because this is a diversity case, the Court applies Louisiana substantive law, but federal procedural law, including the Federal Rules of Civil Procedure and Local Rules.

Defendants move the Court to order Guillory to pay a bond under Local Rule 54.6, which provides:

1

> In any civil matter, the court, on motion or its own initiative, may order any party to file bond for costs or additional security for costs in such an amount and so conditioned as it may designate.

However, no costs have been ordered in this case. Instead, Defendants move the Court to order Guillory to file a bond because they "anticipate" a verdict in their favor, and they are concerned that Guillory may not be able to pay their costs after trial.

Defendants made an Offer of Judgment to Guillory on April 18, 2019, which was rejected. Pursuant to Federal Rule of Civil Procedure 68(d), "[i]f the judgment that the offeree [Guillory] finally obtains is not more favorable than the unaccepted offer, the offeree [Guillory] must pay the costs incurred [by Defendants] after the offer was made." If Defendants obtain a complete defense verdict, Rule 68 simply does not apply. *See Delta Air Lines, Inc. v. August*, 450 U.S. 346, 351-52 (1981) (It is "clear that [Rule 68] applies only to offers made by the defendant and only to judgments obtained by the plaintiff. It therefore is simply inapplicable to this case [when] it was the defendant that obtained the judgment.")*; see also Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 333 (5th Cir. 1995) ("Rule 68 requires a prevailing plaintiff to pay the costs of litigation 'in the single circumstance where the plaintiff does not accept the defendant's offer of judgment which is more favorable than the judgment the plaintiff ultimately obtains.' *Johnston v. Penrod Drilling Co.*, 803 F.2d 867, 869 (5th Cir.1986). Consequently, when a plaintiff rejects a Rule 68 offer of judgment, 'he will lose some of the benefits of victory if his recovery is less than the offer.' *Delta*, 450 U.S. at 352 . . . If a plaintiff takes nothing, however, Rule 68 does not apply."). Rule 68 applies only if Guillory obtains a verdict in his favor, but one which is not more favorable than the Offer of Judgment.

Further, if Guillory obtains a favorable verdict for less than the Offer of Judgment, Defendants cannot obtain costs without limit. Indeed, costs in the amount of $50,000.00 would

2

be unheard of in this Court. Rule 68 does not define costs, but the Court's discretion is limited by 28 U.S.C. § 1920 to awarding the identified fees, as further expounded upon by the case law:

1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;[1]

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Costs are further limited by 28 U.S.C. § 1821(b). Under that statute, the fee paid to any witness—expert or not—is limited to $40 per day plus mileage and travel expenses absent statutory or contractual authority otherwise. *See Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987) ("We hold that absent explicit statutory or contractual authorization for the taxation of the expenses of a litigant's witness as costs, federal courts are bound by the limitations set out in 28 U.S.C. § 1821 and § 1920."); *see also Rimini St., Inc. v. Oracle USA, Inc.*, 139 S. Ct. 873, 877–78 (2019) (Discussing *Crawford* with approval and explaining: "Rule 54(d) authorizes an award of 'costs' but does not expressly refer to expert witness fees. . . . In defining what expenses qualify as 'costs,' §§ 1821 and 1920 likewise do not include expert witness fees. We therefore held that the prevailing party could not obtain expert witness fees: When 'a prevailing party seeks reimbursement for fees paid to its own expert witnesses, a federal court is bound by the limit of § 1821(b), absent contract or explicit statutory authority to the

---

[1] This provision has been interpreted to include the costs of deposition transcripts if used at trial.

contrary.'"); *see also Gaddis v. United States*, 381 F.3d 444, 476 (5th Cir. 2004) ("Any doubt concerning that result is removed by the subsequent statement, in *W. Va. Univ. Hosp., Inc. v. Casey*, 499 U.S. 83, 86, 111 S.Ct. 1138, 113 L.Ed.2d 68 (1991), that in *Crawford Fitting* the Court 'held that [§§ 1920 and 1821] define the full extent of a federal court's power to shift litigation costs absent express statutory authority to go further.'").

In this diversity case, applicable state law might provide for other items to be taxed as costs, but Defendants have pointed to no authority expanding costs outside the bounds of 28 U.S.C. §§ 1821 and 1920.

If Guillory prevails at trial, but in an amount less than the Offer of Judgment, under Rule 68, Defendants may move for costs incurred after the Offer of Judgment, but the costs to be awarded are limited and nowhere near the amount Defendants seek. If Defendants prevail at trial, they may move the Court for an award of costs under Rule 54(d), which this Court may, in its discretion, consider. FED. R. CIV. P. 54(d) ("Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs . . . ); *see also Crawford Fitting*, 482 U.S. at 442 (Rule 54(d) is "phrased permissively" because that rule "generally grants a federal court discretion to refuse to tax costs in favor of the prevailing party."). Finally, if Guillory prevails at trial, he may move for costs under Rule 54(d). Any award under Rule 54(d) is, like Rule 68, limited by 28 U.S.C. §§ 1821 and 1920. *Crawford Fitting*, 482 U.S. 437, 441–42 ("We think the better view is that § 1920 defines the term 'costs' as used in Rule 54(d). Section 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d).").

A bond is not appropriate at this time and under these uncertain circumstances.

Accordingly, Defendants' motion will be denied.

MONROE, LOUISIANA, this 11th day of July, 2019.

_____
Terry A. Doughty
United States District Judge