# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | |
|---|---|
| **DUFFY GUILLORY, JR.** | **CIVIL ACTION NO. 18-1634** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **STARR INDEMNITY & LIABILITY COMPANY, ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

## MEMORANDUM RULING

This ruling addresses the Defendants' Motion in Limine [Doc. No. 48] to exclude Plaintiff's Witnesses, Experts, and Expert Reports at trial. To Defendants' Motion, Plaintiff filed an Opposition [Doc. No. 50], on January 30, 2020.

Suit was originally filed in Madison Parish by Plaintiff on October 31, 2018. This case was removed to this Court on the basis of diversity on December 19, 2018. On April 16, 2019, a Scheduling Order was issued setting the case for trial on April 13, 2020, and setting deadlines.

On August 1, 2019, Plaintiff's counsel, Matthew Hemmer, advised Defendants that he was no longer representing the Plaintiff in this proceeding. Thereafter, on September 19, 2019, [Doc. No. 41] Attorney Hemmer withdrew.

New counsel was retained by Plaintiff on October 3, 2019. On October 23, 2019, Plaintiff's new attorney filed an unopposed Motion to Extend Deadlines sixty (60) days from the date appearing in the April 16, 2019 Scheduling Order. An Order was signed changing the dates for witness lists, expert reports, discovery, motion to compel and expert depositions sixty (60) days from the date set in the Scheduling Order [Doc. No. 46]. This Order changed Plaintiff's deadline to provide fact witness lists from September 26, 2019, to November 26, 2019. The November 26, 2019 deadline came and went without Plaintiff providing a fact witness list to

Defendants. However, on December 26, 2019 (one month after the deadline), Plaintiff emailed to defense counsel his fact witness list.

In Plaintiff's Memorandum in Opposition to Defendants' Motion in Limine, Plaintiff stated that he would not be calling Edward K. Carrick, P.E., as an expert witness. Plaintiff maintained the only expert witnesses that would be called by him are one or more of the treating health care providers.

Additionally, in the Opposition to the Motion in Limine, Plaintiff stated as follows: "the undersigned thereafter submitted a witness exhibit list to Defendants and, after having become more familiar with the facts and posture of this case, has prepared and will submit this date a supplemental fact witness and exhibit list" [Doc. No. 50, p.1]. Therefore, as of the date of the Opposition (January 30, 2020), Plaintiff had not submitted any supplemental fact witness and exhibit list to Defendants.

Having considered the Motion in Limine and the Opposition thereto, this Court is ready to rule. First, as Plaintiff states he is not going to call Edward K. Carrick, P. E., as an expert, (and since no other expert witnesses were listed), Plaintiff is prohibited from calling him as an expert witness in this proceeding and is also prohibited from calling any other expert witness in this proceeding, other than treating health care providers.

Second, this Court will address the late submission of Plaintiff's Fact Witness List. As noted previously, even after a sixty (60) day extension, which extended the Plaintiff's fact witness deadline to November 26, 2019, Plaintiff did not submit a fact witness and exhibit list until December 26, 2019. Additionally, in his Opposition, Plaintiff maintains that he intended to submit that same date (January 30, 2020), a supplemental fact witness and exhibit list, over two months after the deadline had passed.

However, having reviewed the witness issue, this Court believes there will be no prejudice in allowing the amended and original witness lists to be used at trial. Plaintiff has

indicated that all witness and exhibits have previously been produced or identified in discovery. Further, since the discovery deadline has passed, the Court will grant to Defendants an additional thirty (30) days of discovery from date of receipt of the supplemental witness list, limited to any fact witnesses listed in the original or supplemental witness list provided by Plaintiff that have not been previously deposed by Defendants

Monroe, Louisiana, this 4th day of February, 2020.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE