# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DUFFY GUILLORY, JR.** | **CIVIL ACTION NO. 18-1634** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **STARR INDEMNITY & LIABILITY COMPANY, ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

## RULING

Pending here is Defendant Starr Indemnity & Liability Company; Adam Reed, Jr. ("Reed"); and Gulf Relay, LLC's ("Gulf Relay") Motion in Limine to Exclude Medical Expenses Billed But Not Paid [Doc. No. 55]. Plaintiff Duffy Guillory, Jr. ("Guillory") opposes the motion. [Doc. No. 62].

For the following reasons, Defendants' Motion in Limine is GRANTED.

## I. FACTS AND PROCEDURAL HISTORY

This lawsuit arises from a vehicle accident which occurred on the morning of February 14, 2018, on U.S. Highway 65 ("Hwy. 65") at the Interstate 20 ("I-20") Frontage Road in Tallulah, Louisiana.

Reed was driving a 2013 Mack tractor south and pulling a 2018 Carrier box trailer on Hwy. 65 He was in the process of making a left turn onto the Frontage Road, which required him to cross both northbound lanes. Guillory was operating a 2006 Chevrolet truck and traveling north in the right lane of Hwy. 65. The truck driven by Guillory struck the passenger rear side of the trailer being pulled by Reed. Guillory alleges that Reed suddenly stopped the tractor-trailer, blocking the lanes. Defendants contest liability and assert Guillory's comparative fault.

Guillory originally filed suit in Madison Parish on October 31, 2018, asserting claims against Reed; his employer, Gulf Relay; Starr Indemnity & Liability Company; and the State of Louisiana, Department of Transportation and Development.

The case was removed to this Court on the basis of diversity on December 19, 2018.

On April 1, 2019, after motions and briefing, the Court adopted the Report and Recommendation of the Magistrate Judge and dismissed the State of Louisiana as a Defendant in this matter. [Doc. No. 32]. The other Defendants remain.

Following the accident, Guillory sought medical treatment. During part of the time he received medical treatment, Guillory was uninsured. He had previously been covered by the Medicaid program, but his coverage had lapsed. However, he applied for and obtained Medicaid coverage, and subsequent medical treatment was covered by Medicaid.

Trial in this matter is set for April 13, 2020. In the instant Motion in Limine, Defendants move to exclude Guillory from offering evidence at trial regarding medical expenses that were invoiced, but which were later written off

The motion has been briefed, and the Court is prepared to rule.

## II. LAW AND ANALYSIS

Defendant moves to exclude from trial any evidence of medical expenses in excess of the amounts that Guillory paid or is obligated to pay. They contend that Guillory cannot recover amounts written off by healthcare providers. In support of their motion, Defendants argue that "the collateral source rule does not apply to write-offs for medical expenses when the plaintiff provided no consideration or otherwise diminished his patrimony in exchange for the write-off." [Doc. No. 55-1, p. 1].

Guillory opposes the motion. First, he argues that Defendants have provided uncertified copies of medical bills that are not in admissible form and are not conclusive proof. Second, even if this issue is addressed, Guillory argues that the evidence should not be excluded. He contends that he has incurred substantial charges for which he is responsible. He also notes that many of the significant charges were incurred in Mississippi, and Mississippi substantive law would prohibit the exclusion of this evidence under the collateral source rule. He further cites the Court to the case of *Lockett v. UV Ins. Risk Retention Group*, 180 So.3d 557 (La. App. 5th Cir. 11/19/15), in which the Louisiana Fifth Circuit applied the collateral source rule and excluded from evidence discounts the plaintiff had negotiated with medical providers.

In reply, Defendants argue that Mississippi substantive law does not apply, there is no evidence or argument that Guillory's patrimony was diminished in exchange for the reduction of his medical expenses, and the lack of effect on Guillory's patrimony overrides considerations of tort deterrence under Louisiana law.

First, as an initial matter, the Court rejects Guillory's challenge based on foundation and form. Any such issues can be cured prior to trial.

Second, "federal courts sitting in diversity apply state substantive law and federal procedural law." *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996); *see Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). This Court applies the choice of law rules of the forum state—Louisiana—to determine which state's law governs. *PHI, Inc. v. Rolls-Royce Corp.*, No. CIV.A. 08-1406, 2010 WL 883794, at *5 (W.D. La. Mar. 9, 2010) (citing *Klaxon v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941)). Louisiana's choice of law rules are codified in Book IV of the Louisiana Civil Code. Louisiana Civil Code Article 3542 provides that,

3

except as otherwise provided in Title VII of the Code, "an issue of delictual . . . obligations is governed by the law of the state whose policies would be most seriously impaired if its law were not applied to that issue." It is clear that the substantive law to be applied is that of Louisiana, not Mississippi (or any other state): the plaintiff is a domiciliary of Louisiana and was injured in an accident which occurred in Louisiana. The fact that he sought medical treatment from healthcare providers in Mississippi, likely because of its proximity to his residence in Tallulah, Louisiana, does not create a greater interest in Mississippi. Therefore, Mississippi law is inapplicable, and the Court considers the law of Louisiana.

Typically, the collateral-source rule bars a tortfeasor from reducing his liability by the amount plaintiff recovers from independent sources. *See Davis v. Odeco, Inc*., 18 F.3d 1237, 1243 (5th Cir. 1994).

> It is a substantive rule of law, as well as an evidentiary rule (disallowing evidence of insurance or other collateral payments that may influence a fact finder). *Id.* In its simplest form, the rule asks whether the tortfeasor contributed to, or was otherwise responsible for, a particular income source. *See Bourque v. Diamond M. Drilling Co*., 623 F.2d 351, 354 (5th Cir. 1980). If not, the income is considered "independent of (or collateral to) the tortfeasor,"and the tortfeasor may not reduce its damages by that amount. *Davis*, 18 F.3d at 1243. In practice, the rule allows plaintiffs to recover expenses they did not personally have to pay. *See id.* Without the rule, however, a third-party income source would create a windfall for the tortfeasor. *Id.* at 1244. Thus, the rule reflects a policy determination: better a potential windfall for the injured plaintiff than the liable tortfeasor.

*DePerrodil v. Bozovic Marine, Inc*., 842 F.3d 352, 358-59 (5th Cir. 2016).

In *Bozeman v. State*, 2003-1016 (La. 7/2/04), 879 So. 2d 692, the surviving spouse of a motorist who was killed in a car accident sued the State of Louisiana, Department of Transportation and Development ("DOTD") for damages due to the allegedly unreasonably dangerous condition of a highway. At trial, 75% of the fault was assessed to the DOTD, and the

4

plaintiff was awarded medical expenses. After further proceedings in the appellate and district court, certiorari was granted by the Louisiana Supreme Court to address, as a matter of first impression, whether damages properly included the amount that healthcare providers wrote off when accepting Medicaid as payment in full.

In determining whether the collateral source rule applies[1] and whether plaintiffs are permitted to recover the "write-off" amounts, the Louisiana Supreme Court "embrace[d]" the reasoning of courts that have awarded for plaintiffs "the full value of their medical expenses, including the 'write-off' amount, where the plaintiff has paid some consideration for the benefit of the 'write-off' amounts." *Id.* at 703-04 (citing *Griffin v. The Louisiana Sheriff's Auto Risk Assoc.*, 1999 CA 2944 (La. App. 1 Cir. 6/22/01), 802 So.2d 691, 715*; Acuar v. Letourneau*, 260 Va. 180, 531 S.E.2d 316, 322–323 (Va. 2000*); Helfend v. S. California Rapid Transit District*, 2 Cal.3d 1, 84 Cal.Rptr. 173, 465 P.2d 61, 66–67 (Ca. 1970)). The Louisiana Supreme Court recognized that "[c]are of the nation's poor is an admirable social policy[,]" but, "where the plaintiff pays no enrollment fee, has no wages deducted, and otherwise provides no consideration for the collateral source benefits he receives," the Court held "that the plaintiff is unable to recover the 'write-off' amount." *Id.* at 705; *see also Manderson v. Chet Morrison Contractors, Inc.*, 666 F.3d 373, 381 (5th Cir. 2012) (a maritime plaintiff could not recover written-off medical expenses when an employer paid the expenses as part of its maritime cure obligation); *DePerrodil v. Bozovic Marine, Inc.*, 842 F.3d 352, 358-60 (5th Cir. 2016) (applying *Manderson* and finding that a plaintiff covered by the Longshore and Harbor Workers' Compensation Act

---

[1]In *Bozeman*, the parties had allowed the presentation of the evidence without objection, so there had been no decision on the evidentiary issue. Instead, the focus was on the plaintiff's recovery of these damages.

5

could recover only the amount paid, not the amount bill, by medical providers; also citing *Bozeman* and noting that "Louisiana allows write-off recovery[, but only] if plaintiff provided consideration for the benefit or suffered a diminution in patrimony."); *Simmons v. Cornerstone Investments*, LLC, 282 So.3d 199 (La. 2019) (applying *DePerrodil* and holding that discount in amount of medical expenses paid by workers' compensation was not payment to plaintiff from a collateral source; thus, plaintiff could not recover these "phantom" charges that he had "not ever paid nor . . . will ever be obligated to pay.").

In this case, it is clear under the precedential authority of *Bozeman* that the collateral source rule does not apply to charges billed by medical providers but which were not paid by Medicaid. That is, for any medical treatment provided during Guillory's Medicaid coverage, he cannot present evidence or seek reimbursement for the amounts billed, but not paid.

However, the parties dispute whether amounts written off by medical care providers while Guillory was uninsured. Guillory cites the Court to *Lockett v. UV Ins. Risk Retention Group*, 180 So.3d 557 (La. App. 5th Cir. 11/19/15). In that case, the plaintiff brought a personal injury action against the lessor and lessee of a semi-truck and trailer, seeking damages arising from a motor vehicle accident. The plaintiff personally paid Ochsner, one of her healthcare providers, a reduced amount of her total bill, for which she was personally liable, and the remaining amount was written off by Ochsner. Defendants argued that, because the plaintiff paid the reduced amount as a private-pay patient, as opposed to using a collateral source for the payment that she procured through payment of insurance premiums or through some other diminution in her patrimony, the collateral source rule had no application to the amount of her medical expenses that Ochsner "wrote-off." The district court found, and the Louisiana Fifth

Circuit affirmed, that the collateral source rule applied.

In reaching that conclusion, the Fifth Circuit relied on evidence that the plaintiff had incurred significant medical expenses and that she had health insurance available, but did not file a claim. Instead, the plaintiff, a nurse, personally negotiated a reduction in the bill from $55,146.70 to $13,786.66 "in exchange for immediate payment of the reduced amount." *Id.* at 569 (internal quotation marks omitted). The Fifth Circuit cited the district court's own explanation:

> In the instant matter, Ms. Lockett negotiated the reduction of her medical expenses of her own initiative. The consideration for that reduction was immediate payment of the reduced amount. The benefit was derived from Ms. Lockett's individual efforts, totally independent of the tortfeasor's procuration or contribution. It would be contrary to the collateral source rule if [Defendants were] allowed to benefit from the bargain struck between the victim and her healthcare provider. To hold otherwise would endorse a policy of shifting the benefit of the bargain made between an injured plaintiff and their service providers, during the pendency of litigation, from the injured party to the tortfeasor.

*Id.* at 569.

The Fifth Circuit distinguished the actions of Ms. Lockett from an instructive opinion of the Louisiana Supreme Court in *Hoffman v. 21st Century North America Insurance Co.*, 14–2279 (La.10/2/15), 209 So.3d 702. In *Hoffman*, the Louisiana Supreme Court held that a plaintiff could not invoke the collateral source rule for attorney-negotiated write-offs or discounts from healthcare providers. The *Hoffman* Court noted the undisputed evidence that the plaintiff's attorney negotiated the write-off; the plaintiff's attorney had an "'arrangement'" with certain medical providers offering discounted medical services; and the plaintiff was unaware of the write-off, or of whether he had paid or given up anything in exchange for the write-off. 180 So.3d at 571 (quoting *Hoffman*, 209 So.3d at 706). Therefore, the Louisiana Supreme Court

7

"adopted a bright-line rule that attorney-negotiated medical discounts obtained through the litigation process, are not payments or benefits that fall within the ambit of the collateral source rule." *Id.* (citing *Hoffman*, 209 So.3d at 706).

In contrast, however, the Fifth Circuit found that Ms. Lockett had reduced her medical expenses "through her own efforts and with her own funds" and that she received the reduction "totally independent of Defendants' procuration or contribution." *Id.*

Applying the guidance of *Hoffman* and *Lockett*, the Court finds that Guillory is not entitled to application of the collateral source rule based on the particular facts of this case. There is no evidence that Guillory, or someone other than his attorney, negotiated a reduction in the medical expenses billed by his healthcare providers. Additionally, there is no evidence that Guillory has made payments on the accounts for which he has received the benefits of a write-off. Instead, in this case, the healthcare providers have gratuitously written off portions of the billed medical expenses, and Guillory is obligated to pay only the remaining, reduced amounts. Under these acts, he has not provided a consideration for the benefit to him, or suffered a diminution in patrimony. These discounts or write-offs, therefore, do not fall within the ambit of the collateral source rule and will be excluded from evidence.

## III. CONCLUSION

For the foregoing reasons, Defendants' Motion in Limine to Exclude Medical Expenses Billed But Not Paid [Doc. No. 55] is GRANTED. Guillory is prohibited from offering evidence at trial related to the "write-off" portion of Guillory's past medical expenses, whether those expenses were written off while he was insured or while he was insured under Medicaid.

Monroe, Louisiana, this 26th day of February, 2020.

_____
**TERRY A. DOUGHTY**
**UNITED STATES DISTRICT JUDGE**